IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:19-CV-01618 |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., M CENTERAL MASTER CONDOMINIUM ASSOCAITON, INC. AND GREAT AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT TAYLORMADE HEAT & AIR, LLC'S
BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT SEEKING DECLARATORY JUDGMENT</u>**

Nejat Ahmed
Texas State Bar No. 24034304
nejat@lalawtx.com
Jennifer B. LeMaster
State Bar No. 24041063
jennifer@lalawtx.com
**LEMASTER & AHMED PLLC**
555 Republic Drive, Suite 200
Plano, Texas 75074
Telephone:    972.484.0410
Facsimile:    972.484.0413

ATTORNEYS FOR DEFENDANT,
TAYLORMADE HEAT & AIR, LLC

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Taylormade Heat & Air, LLC ("Taylormade"), hereby files its Brief in Support of Motion to Dismiss Plaintiff's Complaint Seeking Declaratory Judgment and Supporting Brief and respectfully states as follows:

## I.     INTRODUCTION

In this case, Atlantic Casualty Insurance Company ("Atlantic Casualty") seeks a declaration that it does not have a duty to defend or indemnify Taylormade for "any damages arising out [of]" Taylormade's installation of a water heater at 5656 N. Central Expressway, Unit 802, Dallas, Texas 75206 ("Unit 802). There is, however, no underlying lawsuit against Taylormade. Therefore, Atlantic Casualty's declaratory judgment cause of action is neither ripe nor justiciable and the rendition of the requested relief would amount to the issuance of an advisory opinion. Accordingly, this Declaratory Judgment cause of action must be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.

## II.    FACTS ALLEGED IN THE COMPLAINT

Atlantic Casualty alleges that on January 23, 2019, Jeffery Thomas Miller and Travis Scott, employees or contractors of Taylormade, arrived to remove and replace a water heater in Unit 802. Atlantic Casualty further alleges that during the installation of the water heater, Messrs. Miller and Scott used a soldering device to reconnect copper lines to the water heater. "The heat and smoke emitted from the soldering device caused Unit 802's overhead sprinkler system to activate and spray water throughout the unit for approximately 7-10 minutes before Messrs. Miller and Scott shut off the building's water." Atlantic Casualty further alleges that "[i]nvestigative reports indicate that the water released from Unit 802's sprinkler system infiltrated other units beside and beneath Unit 802," purportedly causing damage to units owned by Defendants Christine Gancarz, Harry Harrison, Clint and Gena Rachal, Steve Bottum, Debbie Carson, Larry Walton, Sally

Yamini, Jane Edwards, Michael Buchanan, Amar Ali, Richie Boyd, Brian Toliver, Phillip St. George, and Rhonda Jones (collectively referred to as "Residence Owners").

Atlantic Casualty issued commercial general liability policy number M053000694-1 to Taylormade Heat & Air, LLC for the policy period of September 15, 2018 to September 15, 2019 (the "Policy"). Atlantic Casualty alleges that the Policy classifies Taylormade for only the following operations:

> Code 95647 – Heating or Combined Heating and Air Conditioning Systems or Equipment – dealers or distributors and installation servicing or repair – no liquified petroleum gas (LPG) equipment sales or work.

### III.     ARGUMENTS AND AUTHORITIES

As a threshold matter, a court must first have subject matter jurisdiction over a cause of action. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCoalition v. TXU Power*, 536 F.3d 469, 473 (5th Cir.2008) (*quoting Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)).

Atlantic Casualty bears the burden of proving subject matter jurisdiction is this case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (the party asserting jurisdiction bears the burden of proof for a Fed. R. Civ. P. 12(b)(1) motion to dismiss). To survive a challenge under Fed. R. Civ. P. 12(b)(1), Atlantic Casualty must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim, a Fed. R. Civ. P 12(b)(1) motion to dismiss should be granted. *Lane v.*

*Halliburton*, 529 F.3d 548, 557 (5th Cir.2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A declaratory judgment action may not resolve hypothetical questions or render an advisory opinion. It is well established that a federal court may not issue a declaratory judgment unless there exists an "actual controversy." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). The ripeness doctrine, which is based on the actual controversy requirement, is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (*quoting Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). In determining whether a case is ripe, "[t]he key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (*quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987)).

Here, Atlantic Casualty seeks a declaratory judgment on its duty to defend and indemnify for a lawsuit that has ***not*** been filed by the Residence Owners and their insurers. Under Texas law, however, it is well established that an insurer's duties to defend and indemnify are not triggered until there is an actual claim asserted against the insured by a third party. *See, e.g., Zurich American Ins. Co. v. Nokia, Inc.,* 268 S.W.3d 487 (Tex. 2008) and *GuideOne Elite v. Fielder Road Baptist Church*, 197 S.W. 3d 305, 308 (Tex. 2006). The Policy (Exhibit A to Atlantic Casualty's Complaint) defines "Suit" in pertinent part as "a civil proceeding in which damages because of…'property damage'…to which this insurance applies are alleged." However, this prerequisite event has not occurred and is not alleged by Atlantic Casualty to have occurred.

Texas follows the eight-corners rule to determine whether an insurer owes a duty to defend. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Under

this rule, the insurer's duty to defend is determined by the insurance policy and the third-party plaintiff's pleadings in the underlying litigation. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012). If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend. *Id.* "Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined *at the moment the petition is filed.*" *Id.* (emphasis added). Here, the Court cannot determine Atlantic Casualty's duty to defend because it is missing one of the two necessary components for applying the eight corners rule.

Atlantic Casualty alleges that it may consult certain extrinsic evidence to determine its defense and indemnity obligation. Its allegation is, quite simply, misplaced. Courts have only drawn very narrow exception to the eight-corners rule and that exception has no application here. Generally, courts have permitted the use of extrinsic evidence when pleadings do not contain the facts necessary to resolve the coverage question and the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or the truth or falsity of any alleged facts in the underlying lawsuit. *Guideone Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 686 (5th Cir. 2012); *Northfield Ins. Co. v. Loving Home Care*, 363 F.3d 523, 531 (5th Cir.2004). This very narrow exception to the eight-corners rule, however, would not apply without a third-party liability lawsuit existing and being a part of the record. *American Construction Benefits Group, LLC v. Zurich Am. Ins. Co.*, 2014 U.S. Dist. LEXIS 5147 *9 (N.D. Tex. Jan. 15, 2014) (*explaining* the insurer's duty to defend assumes that a third-party lawsuit exists and is part of the record). Accordingly, the Court cannot apply an exception to the eight-corners rule without first having the ability to apply the rule.

Atlantic Casualty's duty to indemnify is yet another step removed from its duty to defend. Generally, the Court cannot determine Atlantic Casualty's duty to indemnify until Taylormade's lability is established and made fixed and certain. *In re State Line Fireworks, Inc.*, 387 S.W.3d 27, 32 (Tex. App. 2012, no pet.). This does not occur until judgment is rendered or the underlying lawsuit is settled. *Id.* Once liability has been established, the "duty to indemnify is determined based on the facts actually established in the underlying suit." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 334 S.W.3d 217, 219 (Tex. 2011). The only exception to this rule exists "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Texas Mutual Insurance Co. v. Griffin*, 955 S.W.2d 84 (Tex. 1997); *see also Nat'l Am. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 620 (E.D. Tex. 2005) ("[I]t is now settled in Texas that a justiciable controversy exists such that an insurer's duty to indemnify an insured may be determined before a judgment is obtained in the underlying lawsuit.").

Here, Taylormade's liability is far from conclusive because no suit has even been filed and, therefore, also has not been settled. Accordingly, the Court cannot determine Atlantic Casualty's duty to defend because the claim is not ripe. For the same reasons that this Court cannot determine that Atlantic Casualty's duty to defend, it also cannot determine Atlantic Casualty's duty to indemnify.

## IV.     CONCLUSION

Atlantic Casualty's declaratory judgment action is not ripe or justiciable because it seeks a declaration that it has no duty to defend or indemnify a lawsuit which has not yet even been filed. Accordingly, Taylormade requests that this Honorable Court grant its motion to dismiss and that

Atlantic Casualty's action be dismissed. Taylormade further requests all other relief, in law and in equity, to which it may justly be entitled.

Respectfully submitted,

*s/ Nejat A. Ahmed*
Nejat A. Ahmed
Texas State Bar No. 24034304
nejat@lalawtx.com
Jennifer B. LeMaster
State Bar No. 24041063
jennifer@lalawtx.com
**LEMASTER & AHMED PLLC**
555 Republic Drive, Suite 200
Plano, Texas 75074
Telephone:    972.484.0410
Facsimile:    972.484.0413

ATTORNEYS FOR DEFENDANT,
TAYLORMADE HEAT & AIR, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF on this the 30th day of July, 2019 to:

Camille Johnson
William C. Vanderbilt
Savrick, Schumann, Johnson, McGarr, Kaminski, Shirley, LLP
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206

*/s/ Nejat A. Ahmed*
Nejat A. Ahmed
