IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. 3:19-cv-1618-B | |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., M CENTRAL MASTER CONDOMINIUM ASSOCIATION, INC, and GREAT AMERICAN INSURANCE COMPANY, § § § § § § § § § § § § § § § § § § | | |
| Defendants. § | | |

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT TAYLORMADE HEAT & AIR, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT**

TO THE HONORABLE JANE J. BOYLE, U.S. DISTRICT JUDGE:

Atlantic Casualty Insurance Company (Atlantic Casualty) responds to Defendant Taylormade Heat & Air, LLC's (Taylormade) Motion to Dismiss Plaintiff's Complaint Seeking Declaratory Judgment (Doc. # 10), and respectfully shows as follows:

### I.  Introduction

Taylormade wrongly alleges that there must be an underlying lawsuit on file for Atlantic Casualty's claim for declaratory relief—that it owes no coverage—to be ripe. To the contrary,

that there are claimants presently demanding recovery for existing property damage under the policy that Atlantic Casualty issued to Taylormade amply satisfies the ripeness requirement, and Taylormade's motion should therefore be denied.[1]

## II.  Factual Background

The Highlands Residences has a nine-story Residence Tower of condominium units located on the east-side (north bound) service road of Central Expressway just south of Mockingbird Lane in Dallas, Texas. Atlantic Casualty had issued an insurance policy to Taylormade, employees of which replaced a water heater in one of the condo units in January 2019. Heat or smoke from soldering a copper water line caused the fire sprinkler system in the unit to go off.  The water penetrated a number of additional condo units on several floors and caused damage. Numerous claims have been made against the Atlantic Casualty policy on behalf of affected unit-holders, including subrogation claims by State Farm Lloyds and Great American Insurance Company.

Atlantic Casualty filed this action, seeking a declaration that it does not owe coverage to those seeking money under Taylormade's policy for the water event.  Taylormade moves to dismiss on Rule 12(b)(1) grounds, alleging that Atlantic Casualty's claim for declaratory relief is not ripe because there is no underlying state-court lawsuit seeking recovery against Taylormade. While Atlantic Casualty's complaint does request a declaration that it has no duty to defend Taylormade in any lawsuit arising from the water event, the point of the complaint, which Taylormade purposely overlooks, is that Atlantic Casualty seeks a declaration that its policy owes no coverage for the water-event insurance claims: "Atlantic Casualty asks the Court for:  a.  A declaration that any damage arising out of Taylormade's water heater installation in Unit 802 is

---

[1] This brief and Atlantic Casualty's response are supported by the Declaration of Camille Johnson and exhibits, which are filed simultaneously and incorporated into the response and this brief by reference.

not covered under the Atlantic Casualty Policy . . . ." (Doc. # 1; Compl. Seeking Decl. J. ¶ 51.) This request is broader than Taylormade's motion admits, and is ripe, as explained in this brief.

### III.  Argument and Authorities

"A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice, Inc. of Tex. v. Greenstein,* 691 F.3d 710, 714 (5th Cir. 2012) (citation and internal punctuation omitted); *see also Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008) (stating that the standard for reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, however, courts may consider "a broader range of materials." *Wynne,* 533 F.3d at 365 n.2. These materials may include "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986).

Taylormade's motion is based entirely on the fact that the unit holders have yet to file a lawsuit. Taylormade's erroneous legal conclusion from this fact is that there is no case or controversy and that the Court therefore lacks subject-matter jurisdiction due to alleged unripeness. Procedurally, Taylormade claims that the Court may only view the allegations in the complaint pursuant to FED. R. CIV. P. 12(b)(6) and then later conflates an analysis on the merits of the case under the eight-corners analysis with its procedural argument, relying on language in the policy to support its position. However, as the caselaw cited above indicates, while a 12(b)(1) analysis is similar to one under Rule 12(b)(6), a court is not limited to reviewing the pleadings alone, as under the latter rule. *Accord Martin v. Halliburton*, 618 F.3d 476, 481 n.5 (5th Cir. 2010). Courts are

empowered to determine facts in a 12(b)(1) consideration, *Butler v. Dallas Area Rapid Transit*, 762 Fed. Appx. 193, 194 (5th Cir. 2019), unlike an analysis under Rule 12(b)(6).

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citations omitted). "[A]n actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having legal interests." *Id.* (citations and internal quotation marks omitted); *accord Venator Grp. Specialty, Inc. v. Mathew/Muniot Family, LLC,* 322 F.3d 835, 838 (5th Cir. 2003). A "declaratory judgment action is proper even though there are future contingencies that will determine whether the controversy becomes real." *Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, L.L.P.*, No. CIV. H-10-5200, 2011 WL 2174970, at *2 (S.D. Tex. June 3, 2011) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY K. KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2757 (3d ed. 2010)). A plaintiff can prove a declaratory-judgment action is justiciable "by establishing actual present harm or a significant possibility of future harm." *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 542 (5th Cir. 2008) (citation and internal quotation marks omitted). "By its very nature, a declaratory judgment action focuses on an injury that has not yet occurred; the issue is whether the injury is sufficiently likely to justify judicial intervention." *RSUI Indem. Co. v. Enbridge (U.S.) Inc.,* No. H–08–1807, 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008) (citing *Orix,* 212 F.3d at 898).

The facts show that there is "actual present harm or a significant possibility of future harm" and that the case is therefore ripe. Unit owners have made claims on the Atlantic Casualty policy issued to Taylormade. (*See* Johnson Decl. at 2 & Exs. 1 & 3.) Two insurance companies, one of which is a defendant here, have asserted subrogation claims against that policy on behalf of their

unit-owner insureds.[2] (*See id*. Exs. 2 & 4 [email from Def. Great Am. Ins. Co.'s counsel indicating subrogation interest & Great Am. "Subrogation Notice and Preservation Request" to Taylormade].)  Taylormade's CEO, Lance Taylor, sent an email to the unit owners saying, among other things, that the damages "are the sole fault of Taylormade Heat and Air."  (*See id*. Ex. 2 [email].) Taylormade's own view of its liability belies the statement in its brief that "[h]ere, Taylormade's liability is far from conclusive . . . ." (Doc. #11, Br. at 6.) That email also tells the unit owners that "[o]ur insurance company is liable to pay for any and all expenses . . . ." That Taylormade confesses liability, says Atlantic Casualty is liable, that unit owners and their subrogating insurers are presently seeking recovery, and that Atlantic Casualty disputes coverage sufficiently constitutes a case or controversy, and Atlantic Casualty's request for declaratory relief is thus ripe.

"In insurance practice, coverage disputes may present cases ripe for declaratory judgment before any suit has been filed implicating an insurer's duty to defend[.]" *QBE Ins. Corp. v. McFarland*, No. 3:10-cv-338-DPJ-FKB, 2011 WL 3625308, at *2 (S.D. Miss. Aug., 17, 2011). This point is so established as to be treatise law. In the *QBE Insurance* case, the court relied on the well-known Wright and Miller treatise for the relevant proposition:

> The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but here is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

---

[2] In its complaint at paragraph 20, Atlantic Casualty pleads, among other things, that Defendant Great American Insurance Company has potential subrogation claims against Taylormade or Atlantic Casualty. (Doc. # 1, Compl. ¶ 20.)  In its answer, Great American admits the averments of the complaint's paragraph 20. (Doc. # 13, Great Am. Answer ¶ 20.)

*Id.* (quoting 10B CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2757 (3d ed. 2011)). The court denied the defendant's motion to dismiss based on ripeness even though there was no underlying lawsuit because claims had been made on the relevant policy. *Id.*

In another case, a fire caused claims, including by subrogating insurers, against the insurer of a contractor that operated the offending blow torch. When contractor's insurer sought a no-coverage declaration, there was no underlying lawsuit on file. The court noted:

> JRR [*i.e.*, the contractor] contends that, on its face, the complaint fails to show that the coverage questions raised by Western World are ripe for adjudication because it does not allege that any legal action concerning the fire loss has been brought against JRR.

*W. World Ins. Co. v. J & R Roofing, Inc.*, No. 1:14-cv-2174-MHS, 2014 WL 12366405, at *2 (N.D. Ga. Dec. 8, 2014). The court denied the motion to dismiss because the claimants had viable claims against the insured, had made claims, and retained the right to pursue the insured. *Id.* at *4.

In addition to citing the *QBE Insurance Corp.* decision, the *Western World* court noted that other courts that had reached the same conclusion on similar facts:

> [S]ee also Mesa Underwriters Specialty Ins. Co. v. Daffy's on the River, Inc., No. 1:13CV396-LG-JCG, 2014 WL 5025850, at *2 (S.D. Miss. Oct. 8, 2014) (insurer's declaratory judgment action was ripe even though no complaint had been filed against insured); Tower Ins. Co. of N. Y. v. Rainbow Granite & Marble, Inc., No. 10-60052-CV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (rejecting argument that declaratory judgment action was premature because no action had been filed seeking insurance benefits on insured's policy with insurer); Royal Ins. Co. of Am. v. Williams, No. 90-0486, 1991 WL 244902, at *2 (E.D. La. Apr. 29, 1991) (filing of underlying suit against insured not a "sacred requirement" for justiciability of insurer's declaratory judgment action).

*W. World Ins. Co.*, 2014 WL 12366405, at *3; *see also United Nat'l Ins. Co. v. Horton Sales Dev., Corp.,* No. 1:11cv28, 2011 WL 4714337 (W.D.N.C. Sept 15, 2011) (Mag. J., recommending denying motion to dismiss when no underlying lawsuit because state agency made demand on insured and claim was made against policy); *cf. Houston Specialty Ins. Co. v. Titleworks of Sw.*

*Fla., Inc.*, No. 2:15-CV-219-FTM-29, 2015 WL 5599175, at *3 (M.D. Fla. Sept. 22, 2015) ("In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party"); *Forest Glade Homeowners Ass'n v. Allied Mut. Ins. Co.*, No. C07-1762JLR, 2009 WL 927750, at *3 (W.D. Wash. Mar. 31, 2009) ("The familiar example, in which declaratory relief is permitted and useful, involves disputes between insurer and insured as to the scope of third-party insurance coverage wherein the insurer has adopted a position clearly adverse to the insured").

This action is the paradigm case of ripeness for declaratory relief. An insurer seeks a declaration of no coverage when the defendants, its insured and claimants on the policy, presently seek recovery on the policy, and the insurer disputes coverage. Under the cases cited above, Atlantic Casualty alleges a ripe claim for declaratory relief.

Taylormade also alleges that under the Texas eight-corners rule, no duty to defend or indemnify are triggered until a lawsuit is filed and relies on the policy's definition of "suit." (Doc. # 11, Br. at 4-6.)[3] To the contrary, duties, which are separate from the policy, can arise under the Texas Insurance Code, when a claim is made, and before a lawsuit is filed. In any event, Taylormade's eight-corners argument is misplaced. As the Court knows, the eight-corners rule is the Texas, state-law, substantive vehicle for the determination of the merits of a coverage dispute. The merits of the action are not at issue by way of Taylormade's motion. Whether Atlantic Casualty's declaratory judgment action is ripe is a function of federal procedural analysis, to which the Texas eight-corners rule has nothing to say.

---

[3] Taylormade says that the policy is Exhibit A to Atlantic Casualty's complaint, presumably so that Taylormade can refer to the policy and yet maintain its position that the analysis is governed by Rule 12(b)(6). (Doc. # 11, Br. at 4.) It is not an exhibit to the complaint. (*See* Doc. # 1, Compl.)

## IV. Conclusion and Prayer

Because multiple unit owners, including some of their insurers, have made claims on the Atlantic Casualty Policy and Taylormade has avowed liability for all damage from the water event, there is "actual present harm or a significant possibility of future harm" that renders Atlantic Casualty's declaratory-judgment action justiciable. Hence the Court possesses subject-matter jurisdiction over this declaratory-judgment action, and Atlantic Casualty requests that the Court deny Defendant Taylormade Heat & Air, LLC's Motion to Dismiss Plaintiff's Complaint Seeking Declaratory Judgment and award Atlantic Casualty all relief to which it may be justly entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, LLP

_/s/ Camille Johnson_
Camille Johnson
State Bar No. 10686600
William C. Vanderbilt
State Bar No. 24110472
6440 N Central Expressway, Suite 107
Dallas, Texas 75206
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com
will@ssjmlaw.com

**Counsel for Atlantic Casualty Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel.

Nejat A. Ahmed
Jennifer B. LeMaster
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
**Counsel for Taylormade Heat & Air, LLC**

J. Chad Gauntt
W. Chris Suber
GUANTT KOEN BINNEY & KIDD, LLP
25700 I-45 North, Suite 130
Spring, Texas 77386

Karl W. Koen
GUANTT KOEN BINNEY & KIDD, LLP
14643 Dallas Parkway, Suite 500
Dallas, Texas 75254
**Counsel for Great American Insurance Company and**
**M Central Residences Condominium Association, Inc.**

_Camille Johnson_
Camille Johnson