IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:19-CV-01618 |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., M CENTRAL MASTER CONDOMINIUM ASSOCAITON, INC. AND GREAT AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANT TAYLORMADE HEAT & AIR, LLC'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT</u>**

Nejat Ahmed
Texas State Bar No. 24034304
nejat@lalawtx.com
Jennifer B. LeMaster
State Bar No. 24041063
jennifer@lalawtx.com
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
Telephone:    972.484.0410
Facsimile:     972.484.0413

ATTORNEYS FOR DEFENDANT,
TAYLORMADE HEAT & AIR, LLC

Defendant Taylormade Heat & Air, LLC ("Taylormade") hereby submits its reply brief in support of its Motion to Dismiss Plaintiff Atlantic Casualty Insurance Company's ("Atlantic Casualty") Complaint Seeking Declaratory Judgment and respectfully states as follows:

I.  **Atlantic Casualty Failed to Demonstrate Present Harm or Significant Possibility of Future Harm**

To prove a declaratory judgment action is justiciable, a plaintiff must establish "an actual present harm or a significant possibility of future harm."[1] In determining whether a case is ripe for declaratory judgment purposes, a court must first consider the hardship to the parties of withholding court consideration.[2] "The Supreme Court has found hardship to inhere in legal harms, such as the harmful creation of legal rights or obligations; practical harms on the interests advanced by the party seeking relief; and the harm of being 'force[d] ... to modify [one's] behavior in order to avoid future adverse consequences.'"[3] Although Atlantic Casualty concedes that it has the burden to prove hardship without the Court's intervention, it made no effort to meet its burden.

Instead, Atlantic Casualty simply states that the unit owners and their insurers have made a claim. In this regard, Atlantic Casualty attaches to its response a "Subrogation Notice and Preservation Request" letter from Great American Insurance Company ("Great American") which is addressed to Taylormade and states that the letter is a notice "of a **potential** claim."[4] Atlantic

---

[1]    *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008) (citation and internal quotation marks omitted)

[2]    *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012)

[3]    *Texas v. United States*, 497 F.3d 491, 499 (5th Cir. 2007) (*quoting Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 734, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998)); *see e.g. Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, L.L.P.*, H-10-5200, 2011 WL 2174970, at *2 (S.D. Tex. June 3, 2011) (finding harm because the insurer has immediate rights and duties without exhaustion of the SIR); *Carolina Cas. Ins. Co. v. Tutle & Tutle Trucking, Inc.*, 3:09-CV-2377, 2010 WL 1459207, at *1 (N.D. Tex. Apr. 12, 2010) (finding harm where the insurer faced a choice of either making a contribution to a settlement amount despite a determination of its duty to indemnify or refusing contribution and potentially be subjected to a suit for bad faith).

[4]    *See* Doc 17, ACIC App. 006 (Emphasis Added).

Casualty also attaches an email from counsel for Great American which states that Great American, as of August 5, 2019, has not made any payments to the homeowners.[5] Atlantic Casualty further attaches the notice of claim submitted by Taylormade.[6]

None of these documents, however, establish any present harm or the possibility of significant harm in the future because they do not trigger Atlantic Casualty's duty to defend or indemnify Taylormade.[7] In fact, Atlantic Casualty has not identified **any harm** in waiting to bring this action until after a lawsuit is filed against Taylormade. Atlantic Casualty's failure to meet its burden is not surprising because there is no hardship to Atlantic Casualty.

On the other hand, there is significant harm to Taylormade to defend this prematurely filed declaratory judgment action. Atlantic Casualty would have the parties litigate the facts of the underlying lawsuit in this "declaratory judgment" action, including Taylormade's liability. This would mean that Taylormade would pay for its own defense without an adjudication of Atlantic Casualty's duty to defend. If the Court were to find a duty to defend, there could possibly be nothing left for Atlantic Casualty to defend because the liability facts would already be established in this declaratory judgment action. This is a thinly veiled attempt by Atlantic casualty—in

---

[5] See Doc 17, ACIC App. 002. This means that Great American currently has no subrogation interest to enforce against Taylormade or its insurer.

[6] See Doc 17, ACIC App. 004-005.

[7] Atlantic Casualty also attaches an email from Taylormade to the homeowners arguing in bad faith that the email conclusively establishes the lability of the insured and the damages sustained by the homeowners without the necessity of a judicial determination. Taylormade vehemently objects to the mischaracterization of said email. Nevertheless, Atlantic Casualty ignores its fiduciary duties to its insured and makes an argument that has no basis in fact or law. *VRV Dev. L.P. v. Mid–Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir.2011) ("[A]n insurer's duty to indemnify typically can be resolved only after the conclusion of the underlying action."); *Colony Ins. Co. v. Peachtree Construction, Ltd.,* 647 F.3d 248 (5th Cir. 2011)(the duty to indemnify is triggered by the actual facts establishing liability and damages proven at trial). If the shoe were on the other foot, we are confident that Atlantic Casualty would never argue that its duty to indemnify is triggered by an email sent by the insured without adjudication of the facts or damages at trial. Instead, this argument is further evidence of Atlantic Casualty's bad faith in the handling of Taylormade's claim.

apparent bad faith—to improperly avoid its duty to defend and force Taylormade to pay for its defense.

## II.     Atlantic Casualty's Duty to Defend and Indemnify is Not Ripe For Judicial Decision

Ignoring precedence, Atlantic Casualty incorrectly argues that the eight-corners rule is a Texas State law and is irrelevant to the determination of the ripeness of this declaratory judgment suit.[8]  In determining ripeness, the Court must decide the fitness of the issues for judicial consideration.[9] A declaratory judgment action is generally ripe for consideration if the remaining questions are purely legal ones and additional factual development is unnecessary.[10]

Atlantic Casualty seeks a declaration that it does not owe a duty to defend or indemnify Taylormade.  In deciding whether Atlantic Casualty's coverage obligation is purely a legal question or one that requires additional factual development, the court must look at substantive law.  Because this Court's jurisdiction is based on diversity of citizenship, the Court must look at the substantive law of Texas.[11]  The eight-corners rule is, therefore, relevant to the Court's decision on whether Atlantic Casualty's coverage obligation is ripe for adjudication at this time.[12]

Under the eight-corners rule, further factual development is necessary for the Court to determine Atlantic Casualty's duty to defend because there is no suit against the insured, and,

---

[8]     Doc. 16, Br. at 7.  Atlantic Casualty also takes issue with Taylormade reference to an Exhibit A to Atlantic Casualty's complaint.  Atlantic Casualty's complaint, however, quotes several sections of the policy references Exhibit A.  Doc. 1, p. 6, fn. 1. Counsel was unaware that Atlantic Casualty failed to attach the insurance policy as an exhibit as represented to the Court.

[9]     *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (*quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987)).

[10]    *Id.*

[11]    *Colony Ins. Co. v. Peachtree Construction, Ltd.*, 647 F.3d 248 (5th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); *Tex. Indus., Inc. v. Factory Mut. Ins. Co.*, 486 F.3d 844, 846 (5th Cir.2007).

[12]    *See Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex.2009) (An insurer's duty to defend is determined solely by the facts alleged in the petition and the terms of the policy); *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

therefore, no allegations to determine the duty to defend.  As this Court recognized in *BSA v. National Fire Insurance Company*, a complaint seeking a declaration of an insurer's duty to defend cannot present an actual controversy when the insured faces an unfiled prospective lawsuit.[13]  In addition, further factual development is required regarding Atlantic Casualty's duty to indemnify because Taylormade's liability has not been adjudicated and made fixed and certain.[14]  Without an adjudicated dispute, the Court cannot determine whether Atlantic Casualty has a duty to indemnify.[15]  Therefore, Atlantic Casualty's coverage obligation is not fit for determination at this time.[16]

## IV.     CONCLUSION

Atlantic Casualty's declaratory judgment action is not ripe or justiciable because it seeks a declaration that it has no duty to defend or indemnify a lawsuit which has not yet even been filed.  Accordingly, Taylormade requests that this Honorable Court grant its motion to dismiss and that Atlantic Casualty's action be dismissed.  Taylormade further requests all other relief, in law and in equity, to which it may justly be entitled.

---

[13]     3:15-CV-2420, 2016 WL 495599, at *6 (N.D. Tex. February 8, 2016); *see also Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, 3:12-CV-2726, 2014 WL 144974, at *3 (N.D. Tex. Jan. 15, 2014) ("[W]ithout an underlying lawsuit, there is no third-party pleading on which the court can predicate its judgment.")

[14]     *In re State Line Fireworks, Inc.*, 387 S.W.3d 27, 32 (Tex. App. 2012, no pet.).

[15]     *BSA v. Nat'l Fire Ins. Co.*, 3:15-CV-2420, 2016 WL 495599 at *7 (N.D. Tex. February 8, 2016).

[16]     It is important to note that Atlantic Casualty has cited **no** Texas state or federal opinion to support its proposition that its coverage obligation is ripe for judicial determination before an underlying lawsuit is filed and without demonstrating hardship.

Respectfully submitted,


*s/ Nejat A. Ahmed*_____
Nejat Ahmed
Texas State Bar No. 24034304
nejat@lalawtx.com
Jennifer B. LeMaster
State Bar No. 24041063
jennifer@lalawtx.com
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
Telephone:    972.484.0410
Facsimile:    972.484.0413

ATTORNEYS FOR DEFENDANT,
TAYLORMADE HEAT & AIR, LLC

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF on this the 27th day of August, 2019 to:

Camille Johnson
William C. Vanderbilt
Savrick, Schumann, Johnson, McGarr, Kaminski, Shirley, LLP
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206


*s/ Nejat A. Ahmed*_____
Nejat A. Ahmed