IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-01618 |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., M CENTRAL MASTER CONDOMINIUM ASSOCIATION, INC., AND GREAT AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § § § § § § § | |
| *Defendants*. | § § | |

**DEFENDANTS GREAT AMERICAN INSURANCE COMPANY AND M CENTRAL
RESIDENCES CONDOMINIUM ASSOCIATION, INC.'S
BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR DISMISSAL UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

TO THE HONORABLE COURT:

COMES NOW, Defendants, Great American Insurance Company and M Central

Residences Condominium Association, Inc. (hereafter collectively referred to as "Defendants"),

and file this their Brief in Support of their Motion for Dismissal Under Federal Rule of Civil

Procedure 12(b)(1). In support hereof, Defendants would respectfully show the Court as follows:

## I.      INTRODUCTION AND BACKGROUND

1.      Plaintiff, Atlantic Casualty Insurance Company (hereinafter "Atlantic Casualty"), issued a commercial general liability policy to Defendant, Taylormade Heat & Air, LLC (hereinafter "Taylormade").  Dkt. #1, ¶31.  The policy provided that Atlantic Casualty "will have the right and duty to defend [Taylormade] against any 'suit[1] seeking covered damages."  *Id.* at ¶35.  The policy further provided that Atlantic Casualty "may look to extrinsic evidence outside the allegations and/or facts pleaded by any claimant to determine whether [it] owe[s] a duty to defend or indemnify against a lawsuit . . . [It] may, at [its] discretion, investigate any 'occurrence' and may settle any claim or 'suit' that may result."  *Id.*

2.       In January of 2019, during the effective dates of the policy, two Taylormade employees "caused Unit 802's overhead sprinkler system to activate and spray water throughout the unit for approximately 7–10 minutes."  *Id.* at ¶¶26, 29; Dkt. #16 at pg. 2.  "Investigative reports indicate that the water released from Unit 802's sprinkler system infiltrated other units beside and beneath Unit 802, purportedly causing damage to flooring, baseboards, ceilings, walls, drywall, and cabinetry . . ."  Dkt. #1, ¶30.  Atlantic Casualty claims that Taylormade "confesse[d] liability" and attached an email wherein Taylormade's CEO allegedly stated the subject damages "are the sole fault of Taylormade Heat and Air."  Dkt. #16 at pg. 5.

3.      Approximately five months after the incident in question, Great American provided Atlantic Casualty with "notice of this possible claim" and stated the letter was "notice of a potential subrogation claim related to this loss."  *Id.* at appendix, pg. 12.

---

[1] The policy defined "suit" to mean "a civil proceeding in which damages because of . . . 'property damage' . . . to which this insurance applies are alleged.  'Suit' includes:  an arbitration proceeding . . . or any other alternative dispute resolution proceeding . . ."  *See* Dkt. 1, Ex. A at CG 00 01 10 01 (pg. 14 of 14).

4.      Thereafter, Atlantic Casualty filed this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a judgment declaring that Atlantic Casualty is not obligated to defend or indemnify its insured, Taylormade, "for any damages arising out of Taylormade's water heater installation in Unit 802." Dkt. #1, ¶¶ 25, 34.  Atlantic Casualty claims that "When there is no coverage under the Atlantic Casualty Policy, Atlantic Casualty has no duty to defend or indemnify Taylormade." *Id.* at ¶36.

5.      Atlantic Casualty broadly requested "A declaration that any damage arising out of Taylormade's water heater installation in Unit 802 is not covered under the Atlantic Casualty Policy and that Atlantic Casualty does not have:  i. a duty to defend or indemnify Taylormade for any such damage; and ii. A duty to indemnity any Residence Owner, M Central Residences, M Central Master, Great American, or any subrogating insurer of any Condominium Owner for any such damage." *Id.* at ¶51.

6.      Atlantic Casualty sued fifteen individuals because "they are ***potential*** judgment creditors of Taylormade." *Id.* at ¶17 (emphasis added).

7.      Atlantic Casualty sued M Central Residence Condominium Association, Inc. because "it is a ***potential*** judgment creditor of Taylormade." *Id.* at ¶18 (emphasis added).  Atlantic Casualty made the same allegation regarding another defendant, M Central Master Condominium Association, Inc. *Id.* at ¶19.

8.      Atlantic Casualty sued Great American Insurance company because it has "***potential*** subrogation claims against Taylormade or Atlantic Casualty." *Id.* at ¶20 (emphasis added).

9.      Atlantic Casualty argues this declaratory judgment action is ripe because "Taylormade confesses liability, says Atlantic Casualty is liable, that unit owners and their

subrogating insurers are presently seeking recover, and that Atlantic Casualty disputes coverage." *See* Dkt. 16 at pg. 5.

10.     Contrary to Atlantic Casualty's argument, the declaratory judgment concerning duties to defend Taylormade in ***potential***, unfiled lawsuits and to indemnify Taylormade from ***potential*** judgments or settlements is not ripe or justiciable, because adjudication of Atlantic Casualty's potential defense and indemnity obligations require the existence of filed complaints or lawsuits.  Without a pending lawsuit, the Court has no basis to adjudicate the potential duties and would have no option but to issue a premature, advisory opinion speculating about Atlantic Casualty's potential duties based on possible future allegations.  Accordingly, this Court should dismiss the present action under Rule 12(b)(1) because the claim is not ripe for adjudication, thus depriving the Court of subject matter jurisdiction.

## II.     ARGUMENT AND AUTHORITIES

### A.     Atlantic Casualty's Claim Seeking a Declaration Regarding Duties to Defend Unfiled Lawsuits and Duties to Indemnify Judgments or Settlements that have not been Entered Should be Dismissed Under Rule 12(b)(1) Because The Claim Is Not Ripe

#### *i.     Federal Rule of Civil Procedure 12(b)(1)*

11.     A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) asserts that the Court lacks the authority to hear the dispute.  *See* FED. R. CIV. P. 12(b)(1); *see also In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) ("Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.").

12.     "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also*

*Am. Const. Benefits Grp., LLC v. Zurich Am. Ins. Co.*, No. 3:12-CV-2726-D, 2014 WL 144974, at

*2 (N.D. Tex. Jan. 15, 2014) (Fitzwater, C.J.) (first assessing on a Rule 12(b)(1) motion whether

the plaintiff had "standing under Article III to seek a declaratory judgment").

13.     "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting

jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. [Tex.] 2001).   A Rule

12(b)(1) motion can mount either a facial or factual challenge. *See Hunter v. Branch Banking &*

*Trust Co.*, No. 3:12-CV-2437-D, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater,

C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).   When a party files a Rule

12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial.

*See American Const. Benefits Group, LLC*, 2014 WL 144974 at *1.

14.     Notably, a "court assesses a facial challenge as it does a Rule 12(b)(6) motion in

that it 'looks only at the sufficiency of the allegations in the pleading and assumes them to be

true.'"   *Id.* (citing *Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151 at *2); *see also*

*Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008) (stating that the standard for reviewing

a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is similar to

that applicable to motions to dismiss under Rule 12(b)(6)).   To survive a motion to dismiss under

Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. at 556); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]").

### ii.    The Declaratory Judgment Standard and the Ripeness Requirement

15.    The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

16.    Declaratory judgment is therefore only available in circumstances where an "actual controversy" exists. *BSA v. Nat'l Union Fire Ins. Co.*, No. 3:15-CV-2420-B, 2016 U.S. Dist. LEXIS 15328, at *4 (N.D. Tex. Feb. 8, 2016) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). As the 5th Circuit held over half a century ago, "[i]t is not the function of a United States District Court to sit in judgment on . . . nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas. Co., Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960). Thus, declaratory judgment is available only when the declaratory judgment action is ripe. *BSA v. Nat'l Union Fire Ins. Co.*, No. 3:15-CV-2420-B, 2016 U.S. Dist. LEXIS 15328, at *4. If the action is not ripe, it is not justiciable and must be dismissed. *Id.*; *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

17.    When deciding ripeness, "[t]he key considerations are [1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)).

18.     A complaint seeking a declaration of an insurer's duty to defend presents an actual controversy when the insured faces a ***pending*** lawsuit.  *Id.*; *see Northfield v. Women & Child*, 116 F.3d 476 [published in full-text format at 1997 U.S. App. LEXIS 42982], 1997 WL 255661, at *1 (5th Cir. 1997) (per curiam) (unpublished) ("A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents a justiciable controversy." (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273-74, 61 S. Ct. 510, 85 L. Ed. 826 (1941))).  But such a complaint does not present an actual controversy when the insured faces an unfiled theoretical suit.  *See, e.g., Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, 3:12-CV-2726, 2014 U.S. Dist. LEXIS 5147, 2014 WL 144974, at *3 (N.D. Tex. Jan. 15, 2014) ("[W]ithout an underlying lawsuit, there is no third-party pleading on which the court can predicate its judgment."); *Georgia Am. Ins. Co. v. Johnson*, 712 F. Supp. 530, 532 (S.D. Miss. 1989) ("It is only conjecture as to whether any suit will be filed and such renders this cause of action premature.").  This is because "the duty to defend is based upon the allegations in the pleadings."  *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

19.     Texas follows the "eight corners" or "complaint allegation" rule to determine whether an insurer has a duty to defend.  *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.—Texas*, 249 F.3d 389, 391 (5th Cir. 2001).  Under the eight corners rule, courts consider two documents to determine an insurer's duty to defend: (1) the insurance policy and (2) the third-party plaintiff's pleadings in the underlying litigation.  *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012).  "If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend."  *Id.*  Thus, without pleadings, the court

cannot determine whether an insurer has a duty to defend.  *See Columbia Cas. Co. v. Georgia &*
*Florida RailNet, Inc., 542 F.3d* at 111.

20.     A complaint seeking a declaration of an insurer's duty to indemnify may present an
actual controversy only "after the underlying suit has been resolved."  *Id.* (citing *Collier v. Allstate*
*County Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001, no pet.)).  This is because
"the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or
settlement, to be legally responsible for damages in a lawsuit."  *Id.*  Thus, without an adjudicated
dispute, the Court cannot determine whether an insurer has a duty to indemnify.  *See id.*

21.     In an on point case, this Court previously dismissed part of a declaratory judgment
action regarding possible lawsuits.  *BSA v. Nat'l Union Fire Ins. Co.*, No. 3:15-CV-2420-B, 2016
U.S. Dist. LEXIS 15328.  There, an insured sought a declaratory judgment obligating its insurer
to pay future defense costs and indemnity payments for currently unfiled potential lawsuits.  *Id.* at
*1.  The court grouped the claims into two categories – actual lawsuits and potential lawsuits.  *Id.*
at *2.  The actual lawsuits included ongoing or concluded litigation were the insured was named
as a defendant.  *Id.*  The potential lawsuits included pre-lawsuit claims that had not developed into
actual litigation.  *Id.*  The insured maintained that it has and will continue to incur defense costs
and may incur settlement of judgment costs that require indemnification regarding the actual
lawsuits, and the same may be true of potential lawsuits.  *Id.*  The insured sought a declaration
regarding the insurer's obligation to pay future defense costs and indemnity payments for potential
future lawsuits that implicate one or more relevant insurance policy.  *Id.* at *2–3.  The insurer
moved to have the portion of the claims seeking a declaration with respect to potential lawsuits
dismissed as not yet ripe.  *Id.* at *3.  The issue before this Court was whether the following question
was ripe:  "does [the insurer] have a duty to defend or a duty to indemnify [the insured] for the

Potential Lawsuits." *Id.* at *5–6. This Court noted that the insured received pre-suit claims that have not evolved into actual litigation. *Id.* at *7. Therefore, for the potential lawsuits, this Court held that "any determination of [the insurer's] duty to defend is premature because it is undetermined whether any suit will be filed." *Id.* at *8. Further, "[a]ny determination of [the insurer's] duty to indemnify is also premature because no Potential Lawsuit has reached judgment or settlement." *Id.* "Accordingly, neither determination presents an actual controversy. Therefore, neither is ripe for consideration, and it would not be fit for the court to issue a decision on either." *Id.* Therefore, this Court held that "the portion of [the insured's] declaratory judgment claims regarding [the insurer's] duty to defend and duty to indemnify in Potential Lawsuits to be nonjusticiable." *Id.*

22.     Other cases have reached similar conclusions. *See Am. Const. Benefits Group, LLC v. Zurich Am. Ins. Co.*, No. 3:12-CV-2726-D, 2014 WL 144974 at *6–12 (N.D. Tex. Jan. 15, 2014) (dismissing declaratory judgment claim seeking adjudication of insurer's duties with respect to unfiled suit on ripeness grounds because without a filed suit it was not possible for the court to evaluate the insurer's potential defense and indemnity duties); *In re Jillian Morrison, LLC*, 482 Fed.Appx. 872 (5th Cir. 2012) (affirming district court's dismissal of declaratory judgment action seeking declaration of additional insured coverage for lack of ripeness because no complaint had yet been filed against the putative additional insured); *Union Ins. Co. v. Soleil Group, Inc.*, 465 F.Supp.2d 567 (D. S.C. 2006) (dismissing insurer's declaratory judgment claim seeking a declaration concerning its duties with respect to certain potential claims against its insured as unripe because no suit had yet been filed).

23.     In this case, the policy provides that Atlantic Casualty has a right and duty to defend Taylormade against any ***suit*** seeking covered damages. The policy defines suit in relevant part to

mean a civil proceeding in which damages because of property damage to which the insurance applies are alleged.  In determining whether Atlantic Casualty owed a duty to defend or indemnify Taylormade against a lawsuit, the policy provides that Atlantic Casualty may look outside the allegations or facts pleaded.  Clearly, the policy ties the duty to defend directly to actual, existing lawsuits seeking covered damages.  Nevertheless, despite the fact that no pending lawsuit exists, Atlantic Casualty has chosen to provide the Court with what it claims to be evidence of Taylormade's purported confession of liability while at the same time asking the Court to find that Taylormade's CGL policy does not cover any damages related to the subject incident.  This action, of course, appears to have only occurred after Atlantic Casualty investigated the incident, determined the facts that it outlined in specific detail in its complaint, determined that Taylormade was liable for the incident, and determined not to challenge possible damages caused by the same incident.  Great American's adjustment is ongoing and it has not made any demand related to the subject incident.  Further, to date, no liability lawsuits have been filed against Taylormade related to the subject incident.

24.     Accordingly, because no filed liability complaints exist with respect to the incident in question, the Court cannot determine Atlantic Casualty's potential defense obligations because without a filed complaint there is nothing upon which the Court can predicate its judgment. Without a filed complaint, an adjudication of Atlantic Casualty's potential defense obligations would constitute nothing more than an advisory opinion based on speculation about possible future events.  Atlantic Casualty's request for a declaration of its defense obligations is not ripe for adjudication and should be dismissed.

25.     Similarly, without a filed lawsuit, the Court also has no means of adjudicating Atlantic Casualty's potential indemnity obligations.  Absent a filed complaint, there is no judgment

and thus nothing to indemnify.  Therefore, Atlantic Casualty's request for declaration regarding its indemnity obligations concerning potential lawsuits is not ripe for adjudication and should be dismissed.

### III.    CONCLUSION

Consequently, based on the foregoing, Atlantic Casualty's declaratory judgment claim seeking a declaration regarding potential lawsuits should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction as an unripe claim.

WHEREFORE, Great American Insurance Company and M Central Residences Condominium Association, Inc., respectfully requests that the Court dismiss Atlantic Casualty's declaratory judgment claim and to grant all such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By:  ____/s/ J. Chad Gauntt
       J. Chad Gauntt
       State Bar No. 07765990
       Attorney in Charge
       W. Chris Surber
       State Bar No. 24064052
25700 I-45 North, Suite 130
Spring, TX 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email: chad.gauntt@gkbklaw.com
Email: chris.surber@gkbklaw.com
Counsel for Defendants,
Great American Insurance Company &
M Central Residences Condominium
Association, Inc.

Local Counsel for Counsel for Counsel for Defendants, Great American Insurance Company & M Central Residences Condominium Association, Inc.:

      Karl W. Koen
      State Bar No. 111652275
      GAUNTT KOEN BINNEY & KIDD LLP
      14643 Dallas Parkway, Suite 500
      Dallas, TX  75254
      Telephone:    972-630-4620
      Facsimile:    972-630-4669
      Email: karl.koen@gkbklaw.com

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure, a copy of this document was served on Plaintiff's counsel on August 28, 2019.

Camille Johnson (attorney in charge) (TBN: 10686600)
William C. Vanderbilt (TBN:  24110472)
Savrick, Schumann, Johnson, McGarr, Kaminski & Shirley, LLP
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Tel:    (214) 368-1515
Fax:    (214) 292-9647
Email:  camille@ssjmlaw.com
Email:  will@ssjmlaw.com
Counsel for Plaintiff,
Atlantic Casualty Insurance Company

Nejat A. Ahmed (TBN:  24034304)
Jennifer B. LeMaster (TBN: 24041063)
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
Telephone: 972.484.0410
Facsimile: 972.484.0413
Email:  nejat@lalawtx.com
Email:  jennifer@lalawtx.com
ATTORNEYS FOR DEFENDANT,
TAYLORMADE HEAT & AIR, LLC

                       /s/ W. Chris Surber

                     _____

                     W. Chris Surber