IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-cv-01618-B |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., and GREAT AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF ATLANTIC CASUALTY'S RESPONSE
TO GAIC AND M CENTRAL RESIDENCES' MOTION TO DISMISS**

TO THE HONORABLE JANE J. BOYLE, U.S. DISTRICT JUDGE:

Plaintiff, Atlantic Casualty Insurance Company (Atlantic Casualty), responds[1] to the Rule 12(b)(1) motion to dismiss (Doc. # 19, motion & Doc. # 20, brief) of Defendants Great American Insurance Company (GAIC) and M Central Residences Condominium Association, Inc. (M Central Residences), and respectfully shows as follows:

---

[1] Atlantic Casualty's response and this brief are supported by an appendix filed simultaneously with the response and brief, as well as documents referred to in the filed record. The appendix is referenced in this brief as the Johnson Declaration and exhibits.

**BRIEF IN SUPPORT OF ATLANTIC CASUALTY'S RESPONSE TO GAIC AND M CENTRAL RESIDENCES'
MOTION TO DISMISS – PAGE 1**

## I.  Introduction

Atlantic Casualty's claim for declaratory relief is ripe because it is based on present claims, known, historical facts, and a known and identified insurance policy, not on speculation or hypotheticals.

## II.  Factual Background

The Highlands Residences has a nine-story Residence Tower of condominium units located on the east-side (north bound) service road of Central Expressway just south of Mockingbird Lane in Dallas, Texas. Atlantic Casualty had issued an insurance policy to Defendant Taylormade Heat & Air, employees of which replaced a water heater in one of the condo units in January 2019.  Heat or smoke from soldering a copper water line caused the fire sprinkler system in the unit to discharge. The water damaged the condo in which the sprinklers activated and penetrated a number of additional condo units on several floors and caused damage.  Affected unit-holders have made claims on the Atlantic Casualty policy issued to Taylormade, including subrogation claims by State Farm Lloyds and GAIC.  In an email to affected unit holders, Taylormade said that the water event was solely its fault.

Atlantic Casualty filed this action, seeking a declaration that it does not owe coverage to those seeking money under Taylormade's policy for the water event.  GAIC and M Central Residences move to dismiss on Rule 12(b)(1) grounds, alleging that Atlantic Casualty's claim for declaratory relief is not ripe because there is no underlying lawsuit seeking recovery against Taylormade. While Atlantic Casualty's complaint does request a declaration that it has no duty to defend Taylormade in any lawsuit arising from the water event, the point of the complaint, which GAIC and M Central Residences purposely overlook, is that Atlantic Casualty seeks a declaration that its policy owes no coverage for the water-event, insurance claims: "Atlantic Casualty asks the

Court for:  a.  A declaration that any damage arising out of Taylormade's water heater installation in Unit 802 is not covered under the Atlantic Casualty Policy . . . ." (Doc. # 1; Compl. Seeking Decl. J. ¶ 51.)  Defendants' implication that Atlantic Casualty's declaratory relief only goes to attorneys' fees (duty to defend) and settlement or judgment (indemnity) in an as-yet unfiled lawsuit is false.  To the contrary, Atlantic Casualty's complaint seeks broader relief regarding presently pending demands for money based on already occurred facts.  Atlantic Casualty's request for a declaration that it owes no coverage (*i.e.* monetary payments) for the water-damage event is therefore ripe.

### III.  Argument and Authorities

While a 12(b)(1) analysis is similar to one under Rule 12(b)(6), a court is not limited to reviewing the pleadings alone, as under the latter rule.  *Accord Martin v. Halliburton*, 618 F.3d 476, 481 n.5 (5th Cir. 2010). Courts are empowered to determine facts in a 12(b)(1) consideration, *Butler v. Dallas Area Rapid Transit*, 762 Fed. Appx. 193, 194 (5th Cir. 2019), unlike an analysis under Rule 12(b)(6).  In evaluating a motion to dismiss for lack of subject-matter jurisdiction, courts may consider "a broader range of materials." *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). These materials may include "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986).

Ripeness counsels against "premature" adjudication by distinguishing matters that are "hypothetical" or "speculative" from those that are poised for judicial review.  *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005).  In the declaratory judgment context, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

**BRIEF IN SUPPORT OF ATLANTIC CASUALTY'S RESPONSE TO GAIC AND M CENTRAL RESIDENCES'
MOTION TO DISMISS – PAGE 3**

warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941) (citation omitted).  A court should dismiss the case for lack of ripeness when "the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 833 F.2d 583, 586 (5th Cir. 1987) (citation omitted). The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quotation marks omitted).  "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* at 587 (citation omitted).  Whether particular facts are sufficiently immediate to establish an actual controversy must be evaluated on a "case-by-case basis." *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000) (citation omitted); *In re Boyd Veigel, P.C.*, 575 Fed. App'x 393, 396–97 (5th Cir. 2014).

A "declaratory judgment action is proper even though there are future contingencies that will determine whether the controversy becomes real." *Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, L.L.P.*, No. CIV. H-10-5200, 2011 WL 2174970, at *2 (S.D. Tex. June 3, 2011) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY K. KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2757 (3d ed. 2010)). A plaintiff can prove a declaratory-judgment action is justiciable "by establishing actual present harm or a significant possibility of future harm." *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 542 (5th Cir. 2008) (citation and internal quotation marks omitted). "By its very nature, a declaratory judgment action focuses on an injury that has not yet occurred; the issue is whether the injury is sufficiently likely to justify judicial intervention." *RSUI Indem. Co. v. Enbridge (U.S.) Inc.,* No. H–08–1807, 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008) (citing *Orix,* 212 F.3d at 898).

It is neither hypothetical nor speculative that affected unit owners presently seek recovery from Taylormade's policy. GAIC also does not deny that it has a subrogation claim; instead, it merely says it is not presently pursuing that extant claim through a lawsuit. The facts show that there is "actual present harm or a significant possibility of future harm" and that the case is therefore ripe. Unit owners have made claims on the Atlantic Casualty policy issued to Taylormade. (*See* Johnson Decl. at 2 & Exs. 1 & 3.) Two insurance companies, one of which is a defendant here, have asserted subrogation claims against that policy on behalf of their unit-owner insureds.[2] (*See id*. Exs. 2 & 4 [email from Def. Great Am. Ins. Co.' counsel indicating subrogation interest & Great Am. "Subrogation Notice and Preservation Request" to Taylormade].) Taylormade's CEO, Lance Taylor, sent an email to the unit owners saying, among other things, that the damages "are the sole fault of Taylormade Heat and Air." (*See id*. Ex. 2 [email].) Atlantic Casualty's request for declaratory relief is thus fit for judicial decision, and Atlantic Casualty would undergo hardship were its ripe claims dismissed because it, and the state, federal or both legal systems, could be subjected to numerous, piecemeal lawsuits.

"In insurance practice, coverage disputes may present cases ripe for declaratory judgment before any suit has been filed implicating an insurer's duty to defend[.]" *QBE Ins. Corp. v. McFarland*, No. 3:10-cv-338-DPJ-FKB, 2011 WL 3625308, at *2 (S.D. Miss. Aug., 17, 2011). This point is so established as to be treatise law. In the *QBE Insurance* case, the court relied on the well-known Wright and Miller treatise for the relevant proposition:

> The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but here is held

---

[2] In its complaint at paragraph 20, Atlantic Casualty pleads, among other things, that Defendant Great American Insurance Company has potential subrogation claims against Taylormade or Atlantic Casualty. (Doc. # 1, Compl. ¶ 20.) In its answer, Great American admits the averments of the complaint's paragraph 20. (Doc. # 13, Great Am. Answer ¶ 20.)

**BRIEF IN SUPPORT OF ATLANTIC CASUALTY'S RESPONSE TO GAIC AND M CENTRAL RESIDENCES' MOTION TO DISMISS – PAGE 5**

> to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

*Id.* (quoting 10B CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2757 (3d ed. 2011)). The court denied the defendant's motion to dismiss based on ripeness even though there was no underlying lawsuit because claims had been made on the relevant policy. *Id*.

In another case, a fire caused claims, including by subrogating insurers, against the insurer of a contractor that operated the offending blow torch. When the contractor's insurer sought a no-coverage declaration, there was no underlying lawsuit on file. The court noted:

> JRR [*i.e.*, the contractor] contends that, on its face, the complaint fails to show that the coverage questions raised by Western World are ripe for adjudication because it does not allege that any legal action concerning the fire loss has been brought against JRR.

*W. World Ins. Co. v. J & R Roofing, Inc*., No. 1:14-cv-2174-MHS, 2014 WL 12366405, at *2 (N.D. Ga. Dec. 8, 2014). The court denied the motion to dismiss because the claimants had viable claims against the insured, had made claims, and retained the right to pursue the insured. *Id*. at *4.

In addition to citing the *QBE Insurance Corp*. decision, the *Western World* court noted that other courts that had reached the same conclusion on similar facts:

> [S]*ee also Mesa Underwriters Specialty Ins. Co. v. Daffy's on the River, Inc*., No. 1:13CV396-LG-JCG, 2014 WL 5025850, at *2 (S.D. Miss. Oct. 8, 2014) (insurer's declaratory judgment action was ripe even though no complaint had been filed against insured); *Tower Ins. Co. of N. Y. v. Rainbow Granite & Marble, Inc*., No. 10-60052-CV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (rejecting argument that declaratory judgment action was premature because no action had been filed seeking insurance benefits on insured's policy with insurer); *Royal Ins. Co. of Am. v. Williams*, No. 90-0486, 1991 WL 244902, at *2 (E.D. La. Apr. 29, 1991) (filing of underlying suit against insured not a "sacred requirement" for justiciability of insurer's declaratory judgment action).

*W. World Ins. Co*., 2014 WL 12366405, at *3; *see also United Nat'l Ins. Co. v. Horton Sales Dev., Corp.,* No. 1:11cv28, 2011 WL 4714337 (W.D.N.C. Sept 15, 2011) (Mag. J., recommending denying motion to dismiss when no underlying lawsuit because state agency made demand on

insured and claim was made against policy); *cf. Houston Specialty Ins. Co. v. Titleworks of Sw. Fla., Inc.*, No. 2:15-CV-219-FTM-29, 2015 WL 5599175, at *3 (M.D. Fla. Sept. 22, 2015) ("In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party"); *Forest Glade Homeowners Ass'n v. Allied Mut. Ins. Co.*, No. C07-1762JLR, 2009 WL 927750, at *3 (W.D. Wash. Mar. 31, 2009) ("The familiar example, in which declaratory relief is permitted and useful, involves disputes between insurer and insured as to the scope of third-party insurance coverage wherein the insurer has adopted a position clearly adverse to the insured"). Atlantic Casualty's request for declaratory relief is among good and convincing company with these decisions.

GAIC and M Central Residences' logic is as deep as a bumper sticker. Essentially, their point is that because there is no underlying lawsuit, Atlantic Casualty can have neither a duty to pay defense fees nor a duty to pay a judgment, and because there is no duty, there can be no legal obligation to dispute and thus no ripeness. GAIC and M Central Residences' underlying assumption absurdly posits that an insurance company has no duty to pay a claim unless it gets sued. Insurance does not work that way, and commercial life could not work either, if it did. Insurance companies pay similar claims all the time short of a lawsuit against an insured. But in this case, the insurance company disputes that it has to pay anything based on coverage defenses. That is the essence of a ripe case or controversy.

The Atlantic Casualty policy does not only insure defense fees and lawsuit judgments. The Insuring Agreement to Taylormade's policy says "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' . . . ." (*See* Johnson Decl. Ex. 5.) The unitholders certainly think Taylormade is legally obligated to pay their damages,

**BRIEF IN SUPPORT OF ATLANTIC CASUALTY'S RESPONSE TO GAIC AND M CENTRAL RESIDENCES'
MOTION TO DISMISS – PAGE 7**

otherwise, they would not be making claims on Taylormade's policy. Same goes for GAIC and State Farm regarding their subrogation rights. Taylormade apparently thinks it has a legal obligation given its email confession of fault to the unitholders.

In the (il)logic of GAIC and M Central Residences' motion, Taylormade (and thus Atlantic Casualty via the policy) could not have a legal obligation unless someone sued to enforce that legal obligation. To the contrary, having a legal obligation and someone suing to enforce the already existing legal obligation are two different things. If, as here, an insured has a potential legal obligation and a claimant demands payment on that obligation, there plainly is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. As a further illustration, certain statutes predicate potential insurer liability on its actions (*i.e.* legal duty) in relation to a <u>claim</u> without regard to an underlying lawsuit. *See, e.g.*, TEX. INS. CODE § 541.060 (making it an unfair method of competition or unfair or deceptive act or practice in claim by insured or beneficiary to fail to attempt to settle claim when liability has become reasonably clear).

While the three cases on which GAIC and M Central Residences rely might at first glance make the movants hopeful, one whiff of further thought tumbles that house of cards. In *Boy Scouts of Am. v. National Union Fire Ins. Co. of Pitts., Pa.*, No. 3:15-cv-2420-B, 2016 WL 495599 (N.D. Tex. Feb. 2, 2016), this Court agreed that declaratory claims regarding unfiled, potentially future lawsuits were not ripe. The facts of that case show why the outcome there was different than that which should obtain here. First, the declaratory plaintiff in *Boy Scouts*, the insured, was seeking a declaration regarding future potential lawsuits against its excess or umbrella carrier. Excess coverage does not start until the primary insurer exhausts its limits. Thus, there was a layer of contingency there that does not exist here—excess coverage could not be determined until and

unless the primary carrier tapped out. Atlantic Casualty is primary in this action, and there are present claimants with their hands out, based on historical, known facts. That is ripeness. Second, The Boy Scouts wanted to resolve " 'the existence of the [umbrella] policies and the rights and obligations of [National] as the insurer and BSA as the insured,' *not to resolve whether the umbrella policies cover the Potential Lawsuits*." *Id*. at *1 (emphasis added). BSA explicated that it was " 'not asking for a determination of how the policy terms will apply to the Potential Future Suits, *because that would require the court to consider a hypothetical set of facts*'." *Id*. at *2. Here, Atlantic Casualty seeks a declaration regarding coverage against present claimants on established facts. The Court would consider nothing hypothetical. The policy language that applies is known, the facts are historical and known, the only unresolved issue is the legal one of how that language applies to those historical facts.

In *American Construction Benefits Group, LLC v. Zurich American Ins. Co*., No. 3:12-cv-2726-D, 2014 WL 144974 (N.D. Tex. Jan. 15, 2014), ACBG anticipated that its members would file a derivative action against it arising from alleged wrongdoing by its president, for which ACBG sought coverage on an errors and omissions policy that Zurich issued. ACBG sought declaratory relief that the Zurich policy would defend and indemnify ACBG in the anticipated derivative action. Judge Fitzwater unremarkably held that the court could not provide declaratory relief about defense or a judgment or settlement (*i.e*. indemnity) as there was neither an underlying judgment or settlement, or a lawsuit on which to determine the duty to defend. *Id*. at **3-4. The dispositive difference between the ACBG action and this one is that ACBG sought declaratory relief regarding something that had not yet happened—the derivative action. Here, Atlantic Casualty, as quoted above from its complaint, seeks a declaration of no coverage based on

presently existing, historical facts and current claims. Again, that is ripeness, not speculation or hypothesis.

*In re Jillian Morrison, LLC*, 482 Fed. App'x 872 (5th Cir. 2012), arose from the explosion of a merchant vessel off the coast of Louisiana. An electrician injured in the explosion sought damages from the ship owners, the ship owners sought defense and indemnity pursuant to an agreement from TransCanada Services USA, and TransCanada demanded defense and indemnity as an insured on a Hartford policy, to which Hartford did not respond. The engineer did not sue TransCanada. TransCanada sought a declaration that it was an additional insured on the Hartford policy and that the policy applied "to the dispute." *Id*. at 873-74. The problem was that no one at the time sought damages against TransCanada, and the district court dismissed the declaratory claims as premature. *Id*. at 874. Affirming, the circuit court said the following:

> While it is likely that if TransCanada does not obtain a declaratory judgment that it is covered by the Policy and in turn does not fulfill its obligations to [the ship owners], [the ship owners] will file a lawsuit against TransCanada, that has not yet happened. TransCanada concedes that this sequence of events has not yet taken place and we therefore must reach the conclusion that the case is not ripe for review.

*Id*. at 876. So, like the Boy Scouts, TransCanada sought declaratory relief based on speculation. Again, that is not what the Court has here, which is present claims, known historical facts, known policy language, ripeness.

### IV. Conclusion

GAIC and M Central Residences are correct that there is no present liability action, but that fact does not change the ripeness reality. It does, however, make their reliance on the eight-corners rule misplaced. If someone files a lawsuit, that may change, but for present purposes of ripeness, that Atlantic Casualty's declaratory claims seek available relief on historical facts regarding

present, identified people and entities seeking Atlantic Casualty's money through Taylormade's policy, tells the tale on ripeness, and the Court should deny the motion to dismiss.

FOR THE FOREGOING REASONS, Atlantic Casualty prays that the Court deny GAIC and M Central Residences' motion to dismiss and further prays for general relief.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, LLP

_____
Camille Johnson
State Bar No. 10686600
William C. Vanderbilt
State Bar No. 24110472
6440 N Central Expressway, Suite 107
Dallas, Texas 75206
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com
will@ssjmlaw.com

**COUNSEL FOR ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on September 18, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel.

Nejat A. Ahmed
Jennifer B. LeMaster
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
**Counsel for Taylormade Heat & Air, LLC**

J. Chad Gauntt
W. Chris Suber
GUANTT KOEN BINNEY & KIDD, LLP
25700 I-45 North, Suite 130
Spring, Texas 77386

Karl W. Koen
GUANTT KOEN BINNEY & KIDD, LLP
14643 Dallas Parkway, Suite 500
Dallas, Texas 75254
**Counsel for Great American Insurance Company and**
**M Central Residences Condominium Association, Inc.**

                                                                               _____
                                                                               Camille Johnson