IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-cv-01618-E |
| TAYLORMADE HEAT & AIR, LLC, CHRISTINE GANCARZ, HARRY HARRISON, STEVE BOTTUM, CLINT RACHAL, GENA RACHAL, LARRY WALTON, AMAR ALI, MICHAEL BUCHANAN, DEBBIE CARSON, JANE EDWARDS, BRIAN TOLIVER, PHILLIP ST. GEORGE, SALLY YAMINI, RICHIE BOYD, RHONDA JONES, M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION, INC., and GREAT AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR SUBSTITUTED SERVICE**

TO THE HONORABLE ADA E. BROWN, U.S. DISTRICT JUDGE:

Plaintiff Atlantic Casualty Insurance Company moves the Court to order substituted service on Defendants Christine Gancarz, Harry Harrison, Steve Bottum, Clint Rachal, Gena Rachal, Amar Ali, Michael Buchanan, Debbie Carson, Jane Edwards, Brian Toliver, Phillip St. George, Sally Yamini, Richard Boyd, and Rhonda Jones and respectfully shows the following in support:

### I. Background

In this action, Atlantic Casualty seeks a judicial declaration that there is no coverage under an insurance policy ("the Atlantic Casualty Policy") issued to Defendant Taylormade for any

damage to numerous condominium units at The Highlands Residences in Dallas. Taylormade's soldering a water heater line allegedly caused a fire sprinkler to go off. Certain exclusions and endorsements in the Atlantic Casualty Policy bar coverage for the damage caused by Taylormade's work.

Christine Gancarz, Harry Harrison, Steve Bottum, Clint Rachal, Gena Rachal, Amar Ali, Michael Buchanan, Debbie Carson, Jane Edwards, Brian Toliver, Phillip St. George, Sally Yamini, Richard Boyd, and Rhonda Jones ("the Owners") are owners of the condominium units at The Highlands Residences that sustained water damage as a result of Taylormade's replacement of the water heater in unit 802. The Owners have also made claims against Taylormade's policy.

Atlantic Casualty's retained service of process company, The Legal Connection, has made multiple attempts to serve the Owners with process at their usual place of abode since July 10, 2019, yet each attempt has been either prevented by The Highlands Residences' security officers or evaded by the Owners themselves. Now, Atlantic Casualty moves for substituted service on the Owners by allowing The Legal Connection to deliver copies of the summonses, complaint, and order granting this motion to the security officer or such other person over sixteen years or age at the front desk of The Highlands Residences and by mailing copies of same via first-class mail, postage prepaid. Alternatively, Atlantic Casualty moves for substituted service on the Owners by allowing The Legal Connection to affix copies of the summonses, complaint, and order granting this motion to the door of each Owner or the innermost door or gate within The Highlands Residences leading to the street and most likely to be used by the Owners, which the Legal Connection can legally and practically reach, and by mailing copies of same via first-class mail, postage prepaid.

## II. Argument & Authorities

The Federal Rules of Civil Procedure authorize various methods to serve an individual in a judicial district of the United States with process. FED. R. CIV. P. 4(e). Service of process may be achieved by "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(A)-(B). Alternatively, service of process may be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Hence, federal law makes state law a surrogate federal law for service-of-process purposes.

The Texas Rules of Civil Procedure provide that a court may authorize methods of service alternative to personal delivery and certified mail:

> Rule 106. Method of Service
> …
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
>   (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
>   (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106 makes clear that substituted service is appropriate when the evidence shows that service has been attempted without success. In this case, the evidence shows exactly that.

The Legal Connection attempted to serve each Owner personally at his or her usual place of abode in The Highlands Residences, 5656 N Central Expressway, Dallas, Texas 75206 and via certified mail with return receipt requested. (App. at 001-042.) That is two different methods of

service already attempted. During the initial service attempt on July 10, 2019, at 8:38 p.m., a security officer stopped Steven J. Treni, a process server with The Legal Connection ("the Process Server"), from effecting service, stating that the building is secure and that he should return between 7:30 a.m. and 3:00 p.m. when the head security officer is on duty. (App. at 001-028.)

On July 11, 2019, at 11:35 a.m., the Process Server returned to The Highlands Residences to attempt service for the second time but, again, was stopped by a security officer, who stated that the building was highly secured and would not allow the Process Server to knock on the Owners' doors. (*Id.*)

On July 19, 2019, The Legal Connection made a third attempt at service on the Owners via certified mail with return receipt requested. (App. at 029-042.) Each certified mailing was properly addressed to each Owner's unit at The Highlands Residences, 5656 N Central Expressway, Dallas, Texas 75206 with proper postage affixed. (*Id.*) However, the certified mailings to Owners Sally Yamini, Phillip St. George, Michael Buchanan, Rhonda Jones, Richie Boyd, and Steve Bottum were returned to The Legal Connection by the United States Postal Service as "unclaimed" on August 19, 2019. (App. at 037-042.) The certified mailings to Owners Amar Ali, Debbie Carson, Clint Rachal, Gena Rachal, Christine Gancarz, Brian Toliver, Harry Harrison, and Jane Edwards were returned to The Legal Connection by the United States Postal Service as "unclaimed" on August 20, 2019. (App. at 029-036.)

A plaintiff may petition a court for substituted service if attempted service has been unsuccessful under either method stipulated in Texas Rule of Civil Procedure 106(a). TEX. R. CIV. P. 106(b); *Evergreen Nat'l Indem. Co. v. Herndon*, CIV.A. 3:07CV0184B, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007). Here, both personal service and service via certified mail with return receipt requested have been unsuccessful. In factually similar situations, courts have ordered and

affirmed substituted service by delivering the summons, complaint, and order to front-desk personnel, such as a receptionist or security officer, over the age of sixteen at a defendant's usual place of abode or business. *See, e.g.*, *Cuetara v. DSCH Capital Partners, LLC*, No. 03-16-00078-CV, 2016 WL 3917181, at *1 (Tex. App.—Austin July 16, 2016, no pet.) (applying TEX. R. CIV. P. 106(b)). In *Cuetara*, the court held that substituted service was effected properly when the process server served the defendant's manager at the defendant's usual place of business, noting that the process server could have served the defendant personally had he been allowed past the front desk. *Id.* at *3.

In other instances, courts have ordered substituted service by affixing a copy of the summons, complaint, and order in a conspicuous place near a defendant's usual place of abode and sending a copy of same to the defendant via first-class mail with prepaid postage. *See Grimsley v. Faulkner*, EP-09-CV-396-KC, 2010 WL 11597849, at *2-3 (W.D. Tex. Mar. 5, 2010) (applying TEX. R. CIV. P. 106(b)); *Herndon*, 2007 WL 2827978, at *1 (applying TEX. R. CIV. P. 106(b)). For example, in *Grimsley*, because the defendant resided in a gated condominium building and refused to meet the plaintiff's process server, the court ordered substituted service by attaching a copy of the summons, complaint, and order "to the door of [the defendant's] condominium unit, or the innermost door or gate within his complex leading to the street and most likely to be used by residents of his unit, which the process server can legally and practically reach" and mailing a copy of the summons, complaint, and order to the defendant by first-class mail with prepaid postage. *Grimsley*, 2010 WL 11597849, at *2-3. Likewise, in *Herndon*, the court ordered substituted service by securely affixing the summons, complaint, and other court papers to the front gate of the defendant's residence, immediately next to the mailbox. *Herndon*, 2007 WL 2827978, at *1.

Here, the affidavit-supported facts show that the Owners reside in condominium units at The Highlands Residences, 5656 N Central Expressway, Dallas, Texas 75206 and that Atlantic Casualty has attempted to serve the Owners personally and via certified mail with return receipt requested on multiple occasions. Because Atlantic Casualty's multiple attempts to serve the Owners have failed, Atlantic Casualty respectfully submits that substituted service by delivering service papers to a security officer at The Highlands Residences' front desk or affixing service papers inside The Highlands Residence in a place where the Owners are likely to travel, with copies of same being sent via first-class mail with prepaid postage, will be "reasonably effective to give the defendant[s] notice of the suit" per Texas Rule of Civil Procedure 106(b).

### III. Conclusion

Atlantic Casualty's attempts to serve the Owners with process by personal delivery and certified mail have been unsuccessful. Because security officers have prevented the Process Server from knocking on the Owners' doors and the Owners have rejected service papers sent by certified mail with return receipt requested, the evidence shows that the service methods under Texas Rule of Civil Procedure 106(a) by virtue of Federal Rule of Civil Procedure 4(e)(1) have been rendered impractical. Hence, the Court is enabled to authorize substituted service of process on the Owners.

For these reasons, Atlantic Casualty prays that the Court grant this motion and enter an order allowing substituted service in the following manners:

1. By delivering a copy of the summons, complaint, and order granting this motion to the front-desk security officer at the Owners' usual place of abode at The Highlands Residences, 5656 N Central Expressway, Dallas, Texas 75206 and mailing a copy of the summons, complaint, and order granting this motion to each Owner by first-class mail with prepaid postage; or

2. By securely affixing a copy of the summons, complaint, and order granting this motion to the Owners' doors or the innermost door or gate within the Owners' usual place of abode at The Highlands Residences, 5656 N Central Expressway, Dallas, Texas 75206 leading to the street and most likely to be used by the Owners, which

the process server can legally and practically reach, and mailing a copy of the summons, complaint, and order granting this motion to each Owner by first-class mail with prepaid postage.

Atlantic Casualty further prays for such other relief to which it may be justly entitled.

Respectfully submitted,

S<small>AVRICK</small>, S<small>CHUMANN</small>, J<small>OHNSON</small>,
M<small>C</small>G<small>ARR</small>, K<small>AMINSKI</small> & S<small>HIRLEY</small>, LLP

*Camille Johnson*
Camille Johnson
State Bar No. 10686600
William C. Vanderbilt
State Bar No. 24110472
6440 N Central Expressway, Suite 107
Dallas, Texas 75206
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com
will@ssjmlaw.com

**Counsel for Atlantic Casualty Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel.

Nejat A. Ahmed
Jennifer B. LeMaster
LEMASTER & AHMED PLLC
555 Republic Drive, Suite 200
Plano, Texas 75074
**Counsel for Taylormade Heat & Air, LLC**

J. Chad Gauntt
W. Chris Suber
GUANTT KOEN BINNEY & KIDD, LLP
25700 I-45 North, Suite 130
Spring, Texas 77386

Karl W. Koen
GUANTT KOEN BINNEY & KIDD, LLP
14643 Dallas Parkway, Suite 500
Dallas, Texas 75254
**Counsel for Great American Insurance Company and
M Central Residences Condominium Association, Inc.**

_____
Camille Johnson