# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-cv-01618-E |
| TAYLORMADE HEAT & AIR, LLC, et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions to dismiss Plaintiff's complaint—one filed by Defendant Taylormade Heat & Air, LLC (Doc. 10) and one filed by Defendant Great American Insurance Company (Doc. 19).[1] Both Taylormade and Great American assert that Plaintiff's complaint seeking a declaratory judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is premature. After carefully considering the motions, responses, replies, the record, and the applicable law, the Court grants the motions to dismiss.

As an initial matter, the Court notes that Plaintiff Atlantic Casualty Insurance Company amended its complaint after the motions to dismiss were filed. Generally, the filing of an amended complaint renders a motion to dismiss the previous complaint moot. *See New World Int'l, Inc. v. Ford Global Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) (Lynn, C.J.). A motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. *Id.* The Court has discretion to apply the original motion to dismiss to the amended complaint. *Id.* In this case,

---

[1] M Central Residence Condominium Association, Inc. joined in the motion filed by Great American. After the motion was filed, however, Plaintiff dismissed its claims against M Central.

Plaintiff amended its complaint only to correct the names of two individual defendants. There were no changes to the substantive allegations in the complaint. The Court will exercise its discretion to rule on the motions to dismiss.

In its amended complaint, Plaintiff alleges that it issued a commercial general liability insurance policy to Defendant Taylormade for the period of September 2018 to September 2019. On January 23, 2019, two employees or contractors of Taylormade replaced a water heater in Unit 802 of a Dallas condominium located at 5656 N. Central Expressway. In doing so, they activated an overhead sprinkler system in Unit 802, which sprayed water for several minutes before the building's water was shut off. Plaintiff alleges the water infiltrated other units beside and beneath Unit 802, causing damage to flooring, baseboards, ceilings, walls, drywall, and cabinetry in the units.

Plaintiff filed this lawsuit against Taylormade, Great American, and fifteen individual condominium owners ("the Residence Owners"). Plaintiff alleges that the Residence Owners are "potential judgment creditors of Taylormade." It also alleges that Great American insured M Central Residence Condominium Association, the "owner or operator of the condominium at 5656 N. Central Expressway . . . and a potential judgment creditor of Taylormade." Plaintiff seeks a declaratory judgment that any damage arising out of Taylormade's water heater installation in Unit 802 is not covered under Taylormade's policy and that Plaintiff does not have: (1) a duty to defend or indemnify Taylormade for any damages or (2) a duty to indemnify any Residence Owner or subrogating insurer. According to the amended complaint, the policy describes Taylormade as an "HVAC Contractor" and "reflects that Taylormade is classed for the following operations: Code 95647 – Heating or Combined Heating and Air Conditioning Systems or Equipment." Plaintiff alleges that Taylormade's installation of a water heater was not an operation for which Taylormade

was classed under the policy. Plaintiff therefore asserts it has no duty to defend or indemnify Taylormade.

Taylormade and Great American have filed separate motions to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). They contend Plaintiff's declaratory judgment action is not ripe because no underlying lawsuit has been filed. This Court lacks subject matter jurisdiction to issue a declaratory judgment unless an "actual controversy" exists between the parties. *State of Tex. v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989); *see* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 2201(a).

We apply Texas law in this diversity action. *See Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 363 (5th Cir. 2008). In exchange for premiums paid, commercial general liability insurers typically promise to defend and indemnify their insured for covered risks. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). The duty to defend is distinct from, and broader than, the duty to indemnify. *Id.* An insurer may have a duty to defend, but eventually, no obligation to indemnify. *Id.* at 490–91. Texas strictly follows the "eight corners rule," meaning the duty to defend may only be determined by the facts alleged in a third-party plaintiff's petition and the coverage provided in the policy. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 596 (5th Cir. 2011); *Zurich Am.*, 268 S.W.3d at 491. An insurer must defend its insured if the third-party plaintiff's factual allegations potentially support a covered claim, while the facts actually established in the underlying suit determine whether the insurer must indemnify its insured. *Zurich Am.*, 268 S.W.3d at 490. In general, an insurer's duty to indemnify cannot be determined until after an underlying suit has been resolved. *Columbia Cas. Co. v. Ga. & Fl. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008).

A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents an actual controversy. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941). "But such a complaint does not present an actual controversy when the insured faces an unfiled theoretical suit." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co.*, No. 3:15-CV-2420-B, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016); *cf. Columbia Cas.*, 542 F.3d at 110 ("An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's duty to defend."). This is because the duty to defend is based upon the allegations in the injured third-party's pleadings. *See Boy Scouts of Am.*, 2016 WL 495599, at *2.

In response to the motions to dismiss, Plaintiff contends there does not need to be an underlying lawsuit for its declaratory judgment action to be ripe. Plaintiff relies on evidence it says shows that at least some Residence Owners made claims on the insurance policy issued by Plaintiff and that two insurance companies, including Defendant Great American, have asserted subrogation claims against the policy. Plaintiff asserts these facts make its declaratory judgment action justiciable. But Plaintiff has not cited any Texas federal or state case law in support of the proposition that its declaratory judgment action is ripe in the absence of an underlying lawsuit. It relies on federal cases from Georgia and Mississippi, not cases applying Texas law. This Court found no Georgia or Mississippi cases following the eight corners rule as Texas does. *See Atlanta Cas. Co. v. Fountain*, 413 S.E.2d 450, 451 (Ga. 1992) ("when a claim for insurance has been made, and a legitimate question exists as to the propriety of denying coverage, the insurance company may file a declaratory judgment before denying the claim. It is not necessary for the insurance company to wait for the insured to file a lawsuit against it").

Any determination of Plaintiff's duty to defend is premature because it is undetermined whether any suit will be filed. Likewise any determination of Plaintiff's duty to indemnify is

4

premature because no potential lawsuit has reached judgment or settlement.  As such, the Court lacks subject matter jurisdiction over Plaintiff's declaratory judgment action because there is no actual controversy at this time.  Although the Residence Owners have not joined in the motions to dismiss filed by Taylormade and Great American, because the Court lacks subject matter jurisdiction, Plaintiff's claims against all defendants must be dismissed for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (court may raise lack of jurisdiction sua sponte).  The Court grants both motions to dismiss and dismisses this case without prejudice for lack of jurisdiction.

**SO ORDERED.**

Signed February 11, 2020.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE